UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAR RASHID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, John F. Kelly,<br>Secretary; et al.,<br><br>　　　　Defendants. | No. 2:14-cv-2109-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR REMAND** |

This matter is before the Court on Defendants' Motion for Remand, requesting remand of this matter to the United States Citizenship and Immigration Services for adjudication. For the reasons set forth below, the Court grants Defendants' motion.[1]

I.　PROCEDURAL BACKGROUND

Babar Rashid ("Plaintiff") filed his complaint in September

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 18, 2017.

1

2014 seeking a hearing on his naturalization application after United States Citizenship and Immigration Services ("USCIS") failed to adjudicate his application within one hundred and twenty days of his interview, which occurred on September 20, 2012. Compl. at ¶¶ 1, 16, & 24, Exh. D; Declaration of Francine M. Leonis ("Leonis Decl."), ECF No. 15-1, at ¶ 4. Two months later, the parties filed a Joint Stipulation informing the Court that Plaintiff had been referred into removal proceedings and requesting that the matter be held in abeyance pending resolution of the removal proceedings. ECF No. 6. The Court granted the abeyance and ordered future status reports. ECF No. 7; <u>see also</u> ECF Nos. 9, 10, 11, 12, 13, & 14. As of December 30, 2016, removal proceedings had terminated and the Court gave the parties until February 6, 2017, to file a status report. ECF Nos. 13 & 14. On the status date, Defendants filed the present motion, which Plaintiff opposes. ECF Nos. 15 & 16.

## II.  OPINION

When USCIS fails to make a determination on an application for naturalization "before the end of the 120-day period after the date on which the examination is conducted under [8 U.S.C. § 1446], the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b); 6 U.S.C. § 271(b)(2) (USCIS is responsible for adjudicating naturalization petitions). The district court then "has [exclusive] jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the

2

matter." Id.; U.S. v. Hovsepian, 359 F.3d 1144, 1164 (9th Cir. 2004).

Defendants ask the Court to remand the case to USCIS with instructions to adjudicate within sixty days. They submit a declaration that states USCIS is ready to move forward with adjudication and resolve the application within that sixty day time frame. Leonis Decl. ¶¶ 12, 14.[2] They argue that remand is appropriate because USCIS has the necessary expertise and is uniquely suited to determine naturalization eligibility. Mot. at 2. Defendants point out that even if Plaintiff's application is denied, Plaintiff can return to the district court to seek de novo review of that decision. Mot. at 3; 8 U.S.C. § 1421(c).

Plaintiff asks the Court to deny the motion and issue a scheduling order for adjudication of Plaintiff's application. Plaintiff states that, due to the delay and Defendants' actions, he believes his application has been subject to review under a secret program called the Controlled Application Review and Resolution Program or "CARRP." Opp. at 2-3. Plaintiff's Opposition primarily addresses the legality of CARRP. Id. at 3-5.

Under similar circumstances, the majority of district courts have remanded the case to USCIS for adjudication. Manuilit v. Majorkas, No. 3:12-cv-04501-JCS, 2012 WL 5471142, at *3 (N.D. Cal. Nov. 9, 2012). These courts have reasoned that USCIS is

---

[2] This declaration does not include the language "I declare under penalty of perjury that the foregoing is true and correct . . ." required by 28 U.S.C. § 1746. Plaintiff has not objected to the declaration, however, and the Court will not strike it absent such objection.

3

better equipped to handle these cases and has more expertise than district courts in adjudicating applications. See, e.g., Deng v. Chertoff, No. C 06-7697 SI, 2007 WL 1501736, at *1 (N.D. Cal. May 22, 2007).

Although Plaintiff's application had been pending for nearly two years when Plaintiff filed his complaint, remand is the appropriate course of action in this case. USCIS's expertise in this area and assurances that the matter will be adjudicated quickly upon remand warrant such action. In the few cases where a district court opted to adjudicate the matter itself, the application had been pending for a lengthy period and the defendants failed to assure the court that a swift decision could be made on remand. See Astafieva v. Gonzales, No. C 06-04820 JW, 2007 WL 1031333, at *3 (N.D. Cal. Apr. 3, 2007) ("Plaintiff's application has been pending for thirty-five months . . . and Defendants have provided no indication when action might be taken on her application."); Lifshaz v. Gonzales, No. C 06-1470 MJP, 2007 WL 1169169 (W.D. Wash. Apr. 19, 2007) (setting an evidentiary hearing for a naturalization application where the defendant contended it could not make a decision on the plaintiff's naturalization because the FBI had not completed a namecheck on the plaintiff; permitting the defendant to file a motion to remand if it determined it was ready to make a decision on the application before the hearing). Here, however, Plaintiff can expect a resolution within sixty days of this order. Furthermore, Plaintiff provides no legal basis for this Court to adjudicate the application due to Plaintiff's suspicion that his application has been subject to additional scrutiny under CARRP.

Such suspicions do not warrant retention given the present circumstances.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Remand.  The matter is remanded to USCIS with instructions to reopen and complete adjudication within 60 days from the date of this order.  The parties are further ordered to file a joint status report within five days of completion of the adjudication by USCIS.  All filing deadlines are suspended and this case is stayed pending an order from the Court to reopen or dismiss this action.

IT IS SO ORDERED.

Dated: April 19, 2017

*JOHN A. MENDEZ,*
UNITED STATES DISTRICT JUDGE