UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAR RASHID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY; JEH JOHNSON, et al.,<br><br>　　　　Defendants. | **No.** 2:14-cv-2109-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

　　On September 11, 2014, Plaintiff Babar Rashid ("Plaintiff" or "Rashid") petitioned this Court to conduct a hearing on his naturalization application, which had been pending with the United States Citizenship and Immigration Services (USCIS) for nearly two years. Compl., ECF No. 1.

　　The case was held in abeyance while removal proceedings commenced against Plaintiff. Order, ECF No. 7. After the removal proceedings ended in December 2016, the Court granted USCIS's motion to remand, which Plaintiff opposed. Order, ECF No. 19. USCIS approved Plaintiff's application in May 2017 and he was sworn in as a U.S. Citizen the following month. Joint

1

Status Report, ECF No. 20; Joint Stip., ECF No. 21.

Plaintiff now asks the Court to award him attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Mot. Fee, ECF No. 23. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In August 2007, Plaintiff became a lawful permanent resident of the United States. Compl., Ex. A, ECF No. 1-2. Plaintiff's residency was based off his first marriage to Maria Aguilar, a U.S. citizen. Leonis Decl., ECF No. 15-1, ¶ 4. Plaintiff and Aguilar divorced in January 2010. Mot. Fees, Ex. M, ECF No. 23-1.

Five years after becoming a lawful permanent resident, Plaintiff filed an Application for Naturalization. Compl., Ex. H., ECF No. 1-2. Following his September 2012 naturalization interview, Plaintiff received a form that he passed U.S. history and government tests and would be sent a written decision about his application. Compl., Ex. D, ECF No. 1-2. Having not received a decision within a year of his interview, Plaintiff contacted USCIS. Compl., Ex. E, ECF No. 1-2. USCIS responded, incorrectly, that Plaintiff had not appeared for his interview and told him to reschedule. Id. USCIS later acknowledged the mistake and informed Plaintiff that his application was still

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 17, 2017.

2

pending a final decision, which was expected in about eight weeks.  Compl., Ex. C, ECF No. 1-2.

Over six months passed, and USCIS still had not rendered a decision.  See Compl., Exs. F-G, ECF No. 1-2.  On September 11, 2014, nearly two years after his interview, Plaintiff filed this lawsuit, asking the Court to adjudicate his application.  Compl., ECF No. 1.

Two weeks after Plaintiff filed this case, Homeland Security ordered Plaintiff to appear at removal proceedings.  Mot. Fees, Ex. J, ECF No. 23-1.  Aguilar, Plaintiff's ex-wife, provided the agency with a sworn statement in February 2013 that the two had entered into a fraudulent marriage, where Plaintiff received an immigration benefit and Aguilar received financial benefits, including a used car.  Id.  Aguilar also swore that the two had never lived together or consummated the marriage.  Id.  Based on these marriage fraud allegations, Plaintiff could be subject to removal from the country.  Id.

On November 12, 2014, the Court held this case in abeyance, pending resolution of Plaintiff's removal proceeding.  Order, ECF No. 7.  In the removal proceeding, Plaintiff denied the allegations of marriage fraud and sought alternative relief in the form of a waiver based on his second marriage to another U.S. citizen in June 2013.  Mot. Fees, Exs. M-N, ECF No. 23-1; see also 8 U.S.C. § 1227(a)(1)(H).

In November 2016, the government filed a notice with the immigration court that it no longer opposed Plaintiff's motion to dismiss the removal proceedings.  Mot. Fees, Ex. P, ECF No. 23-1. The immigration judge terminated the removal proceedings without

prejudice shortly thereafter. Opp'n Remand, Ex. I, ECF No. 16-2.

In February 2017, the government sought remand of the case to USCIS with instructions to adjudicate within sixty days. Mot. Remand, ECF No. 15. Plaintiff opposed remand, requesting that the Court conduct a hearing on his application for naturalization. Opp'n Remand, ECF No. 16. The Court granted the government's motion, remanded the matter to USCIS for adjudication within sixty days, and ordered the parties to submit status reports. Order, ECF No. 19. USCIS approved Plaintiff's application in May 2017 and he was sworn in as a U.S. Citizen the following month. Joint Status Report, ECF No. 20; Joint Stip., ECF No. 21.

## II. OPINION

### A. Legal Standard

Congress passed the Equal Access to Justice Act (EAJA), 28 U.S.C. § 241, specifically "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Comm'r v. Jean, 496 U.S. 154, 163 (1990). Under the EAJA, the district court awards a "prevailing party" reasonable attorney's fees and costs, paid by the government, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Ibrahim v. U.S. Dep't of Homeland Sec., 835 F.3d 1048, 1054 (9th Cir. 2016). Fees are paid at the "prevailing market rates for the kind and quality of the services furnished," but should not exceed $125 per hour unless the court finds an

4

exception, such as cost of living, justifies a higher fee.  28
U.S.C. § 2412(d)(2)(A).

    B.   <u>Analysis</u>

The parties do not dispute that Plaintiff's net worth did not exceed $2,000,000 at the time the case was filed, <u>see</u> 28 U.S.C. § 2412(d)(2)(B)(i), so the Court will address whether Plaintiff was a prevailing party and if the government had a substantial justification for its positions.

    1.   <u>Prevailing Party</u>

To qualify as a "prevailing party," a party must show both a "material alteration of the legal relationship of the parties" and a "judicial <u>imprimatur</u> on the change." <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 604-05 (2001) (quoting <u>Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 792-93 (1989)).  "A litigant need not prevail on every issue, or even on the 'central issue' in the case, to be considered the prevailing party." <u>Stivers v. Pierce</u>, 71 F.3d 732, 751 (9th Cir. 1995).

        a.   <u>Material Alteration of the Legal Relationship</u>

"The material alteration in the legal relationship of the parties must be relief that the would—be prevailing party sought, for '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'" <u>Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.</u>, 589 F.3d 1027, 1030 (9th Cir. 2009) (quoting <u>Hewitt v. Helms</u>, 482 U.S. 755, 760 (1987)).  This relief need not be in the form of a judgment on

5

the merits or consent order, so long as it awards the plaintiff his or her desired relief. Li v. Keisler, 505 F.3d 913, 917 (9th Cir. 2007).

Recent Ninth Circuit precedent details that "relief need not be of 'precisely the same character as the relief sought in the complaint' so long as it 'serves the goals of the claim' and 'require[s] defendants to do something they otherwise would not have been required to do.'" Wood v. Burwell, 837 F.3d 969, 975 (9th Cir. 2016) (quoting Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist., 574 F.3d 1054, 1059 (9th Cir. 2009)). Cf. Carbonell v. I.N.S., 429 F.3d 894, 900 (9th Cir. 2005) (finding it irrelevant that the petitioner did not receive affirmative relief in his underlying action where he received much of the relief he sought).

This circuit has not yet rendered a decision on whether remand to an agency to adjudicate a claim arising under § 1447(b) grants the plaintiff prevailing party status. Other circuits have come to differing conclusions based on the specific facts of each case. See Aronov v. Napolitano, 562 F.3d 84, 92 (1st Cir. 2009) (en banc) (holding a consent order "merely returned jurisdiction to the agency" and did not resolve the parties' dispute); Doherty v. Thompson, 414 F. App'x 352, 353 (2d Cir. 2011) (unpublished) (holding that a plaintiff was not a prevailing party where the agency voluntarily granted her relief); Othman v. Chertoff, 309 Fed. App'x. 792, 794 (2008) (unpublished) (holding that district court's remand to USCIS lacked the "judicial imprimatur" necessary to confer prevailing-party status on plaintiff); Iqbal v. Holder, 693 F.3d 1189, 1195

1  (10th Cir. 2012) (holding that remand for the agency to
2  determine the merits "is not the type of legal victory
3  sufficient to confer prevailing-party status" on the plaintiff);
4  Al-Maleki v. Holder, 558 F.3d 1200, 1206 (10th Cir. 2009)
5  (finding that court-ordered remand with instructions to
6  naturalize the petitioner by a certain date conveyed prevailing
7  party status); Abdelgalel v. Holder, 398 F. App'x 472, 478–79
8  (11th Cir. 2010) (unpublished) (granting of plaintiff-requested
9  writ of mandamus and directing agency action within a specific
10 time period satisfies prevailing party requirement).
11     Here, Plaintiff's Complaint asked for the Court to
12 (1) assume jurisdiction over the matter; (2) grant Plaintiff's
13 request for a hearing on his application and adjudicate his
14 application; and (3) grant him EAJA fees.  Compl. at 7–8.
15 Plaintiff never requested remand to the agency and actively
16 opposed this form of relief when the agency volunteered it.  See
17 Opp'n Remand.  The Court did not weigh the merits of Plaintiff's
18 naturalization application.  Yet by remanding to the agency, the
19 Court's order furthered Plaintiff's main goal: adjudication of
20 his naturalization application.
21     Remand to USCIS qualifies as a material alteration in the
22 parties' legal status, benefiting Plaintiff by requiring a
23 timely adjudication of his naturalization application.  See
24 Wood, 837 F.3d at 975; Li, 505 F.3d at 917 ("[T]he petitioner's
25 success in obtaining the desired relief from the federal court
26 is critical to establishing prevailing party status under
27 Buckhannon, regardless of whether the federal court's order
28 addressed the merits of the underlying case."); Irahim v.

7

Chertoff, No. CIVS 07-2415 LKK/KJM, 2009 WL 385782, at *2 (E.D. Cal. Feb. 10, 2009) ("By remanding the case to the CIS, the court effectuated that review, albeit by CIS rather than the court. In that sense, plaintiff obtained the relief he sought."). The first Buckhannon prong is satisfied.

                    b.    Judicial Imprimatur

Next, the Court reviews whether the material alteration of the parties' legal relationship occurred because of a judicially sanctioned order (evidencing "judicial imprimatur"). Buckhannon, 532 U.S. at 604. Other cases in this district have found that a stipulated order to remand to the agency constitutes a judicially sanctioned order, meeting Buckhannon's second requirement to confer prevailing party status. See, e.g., Hassine v. Johnson, 53 F. Supp. 3d 1297, 1301 (E.D. Cal. 2014) (citing Carbonell, 429 F.3d at 900); Irahim, 2009 WL 385782, at *2.

Here, unlike Hassine and Irahim, Plaintiff did not consent and stipulate to the Court's order to remand, but rather opposed it. See Opp'n Remand. Nevertheless, the Court's order granting the Government's motion to remand required USCIS to "reopen and complete adjudication within 60 days," and required the parties to submit a joint status report upon completion of adjudication. Order Remand at 5. Since the Government was not obligated to adjudicate Plaintiff's application within that timeframe or file a status report prior to the Court's order, this order satisfies the second Buckhannon prong. See Carbonell, 429 F.3d at 901 (holding "that when a court incorporates the terms of a voluntary agreement into an order, that order is stamped with

sufficient 'judicial imprimatur' for the litigant to qualify as a prevailing party for the purpose of awarding attorney's fees.").

### 2. Substantial Justification

In determining whether the government's position was substantially justified, the Ninth Circuit directs district courts to "engage in a single inquiry focused on the government's conduct in the case as a whole." Ibrahim, 835 F.3d at 1057. "The government bears the burden of demonstrating substantial justification." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005). An agency's position under the EAJA is "substantially justified," if it has a "reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

"The 'position' of the government includes the action on which the civil litigation is based, as well as the positions the government takes during the litigation." Meinhold v. U.S. Dep't of Def., 123 F.3d 1275, 1278 (9th Cir.), amended, 131 F.3d 842 (9th Cir. 1997). If an agency violates its own clear and unambiguous regulations, its position is not substantially justified. Id. In such a situation, the government can avoid fees only where "it can prove that the regulation it violated was ambiguous, complex, or required exceptional analysis." Id.

The government argues that its position was justified because the delay was caused by the inquiry into whether Plaintiff committed marriage fraud and because the parties stipulated to continuances during the removal proceedings. Opp'n at 11-13. The removal proceedings, however, did not commence until September 2014, after Plaintiff filed this case,

and do not explain the years of delay prior to that point.  I-862 Form, ECF No. 23-1, p. 5.  The evidence submitted shows that the government knew about allegations of marriage fraud as early as February 2013, but did not act for over eighteen months.  See id.

Here, Plaintiff was not informed about the reason for delay in his application until 733 days after his interview, 613 days beyond the 120-day regulatory time limit, and twelve days after he filed this lawsuit.  The government has not submitted evidence that the delay in initiating the removal proceedings, which the government argues caused the delay in adjudicating Plaintiff's application, was substantially justified.

This case presents "an unusual situation" similar to what another district court faced in Munar v. Johnson, No. 3:15-CV-215 JWS, 2016 WL 3746437 (D. Alaska July 8, 2016).  Here, like in Munar:

> [Plaintiff] got the ultimate result he wanted—citizenship.  But, he obtained that result soon after he filed the lawsuit only because the court agreed with defendants' request for a remand and rejected [his] opposition to that remand.  On the other hand, if USCIS had complied with the requirement to render a decision on the application within 120 days, there would have been no lawsuit.

Id. at *3.  The Munar court found the plaintiff to be the prevailing party, and rejected the government's argument that the delay was substantially justified to investigate a fraud accusation.  Id.

The Court agrees with the government that neither USCIS nor this Court could adjudicate the naturalization application while Plaintiff was in removal proceedings.  This reasoning, however,

does not explain the significant delay that caused this case to be filed, prior to the removal proceeding. In sum, because the government did not comply with their own regulations by failing to timely act on Plaintiff's application and providing him incorrect information upon his requests for information, the government's actions at the agency level were not substantially justified. The Court finds that Plaintiff is entitled to an award of EAJA fees.

### 3. Attorney Fees

Plaintiff seeks $8,962.84 in attorney's fees and $124.23 in paralegal fees, for a total of $9,087.07 in fees. Mot. Fees, Ex. R, ECF No. 23-1, p. 238-41. The government opposes the scope of activities for which Plaintiff's counsel billed. Opp'n Fees at 13.

#### a. Rate

Plaintiff's requested fees are billed at an hourly rate of $190.06 to $192.68 for the work performed by his counsel. Mot. Fees, Ex. R at 239-40. The government asks that Plaintiff's counsel be compensated at the statutory rate. Opp'n Fees at 14.

The EAJA provides that:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The Court may adjust this rate for inflation or cost of living. Rueda-Menicucci v. I.N.S., 132 F.3d

493, 496 (9th Cir. 1997); 28 USC § 2412(d)(2)(A).

The Court finds that Plaintiff is entitled to attorney's fees at the statutory rate plus an adjustment for cost of living. The Ninth Circuit has established that this increase can be calculated "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers." Thangaraja, 428 F.3d at 876-77. The applicable statutory maximums, published by the Ninth Circuit, are as follows: $190.06 for 2014; $190.28 for 2015; $192.68 for 2016; $195.95 for the first half of 2017. See "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id =0000000039 (last visited Oct. 24, 2017). The Court will award Plaintiff attorney's fees billed at these rates.

Plaintiff may also recover for paralegal fees at the prevailing market rate. Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008). Plaintiff's requested paralegal hourly rates—$23.23 in 2014; $23.63 in 2015; $24.03 in 2016; and $24.43 in 2017—are well below the market rate in this district. See Lara v. Berryhill, No. 2:16-CV-0034 DB, 2017 WL 4679989, at *3 (E.D. Cal. Oct. 18, 2017) ("The court finds that the prevailing market rate for work performed by paralegals in this district is $100 per hour."). The Court will award Plaintiff paralegal fees billed at her requested rates.

      b. Hours Expended

The EAJA allows prevailing parties to collect fee awards incurred "in any civil action," including judicial review of agency actions. W. Watersheds Project v. U.S. Dep't of the

12

Interior, 677 F.3d 922, 926 (9th Cir. 2012) (citing 28 U.S.C. § 2412 (d)(1)(A)). A "civil action" has been defined as "a proceeding in a judicial court," meaning that fees for administrative proceedings are generally unavailable. Id. Only "where administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results," fees may be available for administrative proceedings. Sullivan v. Hudson, 490 U.S. 877, 888 (1989). The Ninth Circuit has held that "fees for administrative proceedings can only be awarded under § 2412(d)(1)(A) if the district court ordered the further proceedings, and the district court action remained pending until the conclusion of the administrative proceedings." W. Watersheds, 677 F.3d at 927.

Here, the removal proceedings were neither intimately tied to the proceedings before this Court, which solely addressed the delay in adjudicating Plaintiff's application, nor were they court-ordered. Plaintiff's counsel's work on the removal proceedings lies outside the bounds of the "civil action" compensable by the EAJA.

Based on the timesheet submitted, the following work appears related to this civil action and not the removal proceedings:

| Date | Description | Time (Hours) | Rate/Hour | Total |
|---|---|---|---|---|
| 9/9/14 | Preparation of Complaint and Petition for hearing | 3.5 | $190.06 | $665.21 |
| 9/10/14 | Finished Complaint | 3.7 | $190.06 | $703.22 |
| 9/11/14 | Filed Complaint | 0.5 | $190.06 | $95.03 |

13

| # | Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 1 | 9/12/14 | Reviewed paralegal work | 0.1 | $190.06 | $19.01 |
| 2 | 9/12/14 | Service of parties by paralegal | 0.8 | $23.23 | $18.58 |
| 3 | 1/06/15 | Filed Summons Returned Executed | 0.3 | $190.28 | $57.08 |
| 4 | 9/03/15 | Conference re: joint status report, stipulation to hold case in abeyance | 0.2 | $190.28 | $38.06 |
| 5 | 11/30/16 | Stipulation to continue to hold case in abeyance | 0.2 | $192.68 | $38.54 |
| 6 | 1/25/17 | Conference with defense counsel about remand | 0.2 | $195.95 | $39.19 |
| 7 | 2/03/17 | Communicate with defense counsel about stip to remand | 0.2 | $195.95 | $39.19 |
| 8 | 2/06/17 | Communicate with defense counsel about stip to remand | 0.1 | $195.95 | $19.60 |
| 9 | 2/06/17 | Review Defendant's motion to remand | 0.8 | $195.95 | $156.76 |
| 10 | 3/21/17 | Drafting opposition to motion to remand | 2.4 | $195.95 | $470.28 |
| 11 | 3/30/17 | Finished opposition | 0.5 | $195.95 | $97.98 |
| 12 | 6/08/17 | Communication about naturalization application approval | 0.1 | $195.95 | $19.60 |
| 13 | 6/12/17 | Discussion with defense counsel about status report and EAJA fees | 0.1 | $195.95 | $19.60 |
| 14 | 6/14/17 | Research and draft EAJA motion | 3.5 | $195.95 | $685.83 |
| 15 | 6/15/17 | Drafting EAJA facts, argument | 2.5 | $195.95 | $489.88 |
| 16 | 6/21/17 | Drafting EAJA "prevailing party" issue | 1.8 | $195.95 | $352.71 |
| 17 | 6/23/17 | Drafting EAJA "compensable work" issue | 2.0 | $195.95 | $391.90 |
| 18 | 7/11/17 | Finish EAJA motion and prep for filing | 2.0 | $195.95 | $391.90 |
| | | | | **Total** | $4,809.12 |

14

4.  Costs

Plaintiff seeks $400.00 in costs for the District Court filing fee. Mot. Fees, Ex. R at 241. The government has not made any argument as to why costs should not be awarded if Plaintiff is found to have prevailed. See Opp'n Fees.

"Court filing fees in the amount of $400 are reasonable and properly awarded under the EAJA." Hassine, 53 F. Supp. 3d at 1304-08; 28 U.S.C. § 2412(d)(2)(A). Hence, as the prevailing party, the Court will grant Plaintiff $400.00 in costs.

                    III.  ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:
   1.  Plaintiff's petition for attorney's fees and expenses under the EAJA is GRANTED IN PART and DENIED IN PART; and
   2.  Plaintiff is awarded $4,809.12 in fees and $400.00 in costs for a total award of $5,209.12.
   IT IS SO ORDERED.
Dated: October 31, 2017

*[signature]*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE